# In re Kip Kivela

[494 A.2d 126]

No. 83-501

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed March 22, 1985

Motion for Reargument Denied April 17, 1985

*Andrew B. Crane*, Defender General, and *Stephen W. Gould*, Defender, Correctional Facilities, Montpelier, for Petitioner-Appellant.

*Dena Monahan*, Chittenden County Deputy State's Attorney, Burlington, for Respondent-Appellee.

**Peck, J.** This is an appeal by Kip Kivela (petitioner) from the denial of his petition for post-conviction relief. 13 V.S.A. § 7131. We affirm.

On March 5, 1981, following acceptance of a plea agreement by the trial court, petitioner entered guilty pleas to charges of manslaughter, assault and robbery, and kidnapping. Thereafter, on June 7, 1981, petitioner was sentenced to a term of 12 to 15 years on the charge of manslaughter, 11 to 15 years on the assault and robbery charge, and 9 to 15 years on the charge of kidnapping. All sentences were ordered to run concurrently.*

---

* Petitioner also entered guilty pleas to two counts of aiding in the concealment of stolen property and was sentenced to terms of five to eight years on each count. However, these sentences are not challenged here.

On July 15, 1981, petitioner filed a pro se motion for sentence reconsideration under 13 V.S.A. § 7042, which was subsequently denied. Later, on October 18, 1982, he filed a petition in superior court for post-conviction relief, followed by an amended petition on April 26, 1983. In substance, petitioner claimed that his guilty pleas were not made knowingly and voluntarily. The court heard the matter and issued its findings of fact, conclusions of law, and order denying the petition; this appeal followed.

On appeal, petitioner argues that the court below erred in denying his petition for post-conviction relief, claiming again that his pleas of guilty were not knowingly and voluntarily entered.

I.

Petitioner claims first that he entered his pleas of guilty in reasonable reliance on a material misunderstanding as to the minimum sentence he would receive. He maintains that he thought the minimum sentence could not exceed one year. However, the terms of petitioner's plea agreement mentioned nothing about a minimum sentence. The agreement provided that the State would recommend concurrent sentences but would not make any specific sentence recommendation; it left the petitioner free to argue for whatever sentence he wanted. Furthermore, the agreement specifically provided for a fifteen-year maximum on all charges. Thus, while the agreement had several provisions relating to sentencing, there was no mention of any minimum term.

In a recent case, we held that "[w]ithdrawal of a guilty plea will not be allowed for a subjective mistake absent some objective evidence reasonably justifying the mistake." *In re Stevens*, 144 Vt. 250, 255, 478 A.2d 212, 215 (1984); accord *In re Cronin*, 133 Vt. 234, 236–37, 336 A.2d 164, 166–67 (1975). In *Stevens, supra*, at 255–56, 478 A.2d at 215–16, we declined to accord objective weight to petitioner's own testimony about his misunderstanding, because it was not supported by reference to specific circumstances or persons.

Petitioner's argument in the instant case rests largely on his own testimony that he thought he would not receive a minimum sentence in excess of one year. However, as in *Stevens*, his claim of misunderstanding is largely devoid of clear objec-

tive support. At the post-conviction hearing petitioner's attorney testified that he never discussed a minimum term with petitioner; his attorney also stated that he went over the plea agreement with petitioner "very, very carefully." There was some evidence that petitioner knew that the statutory penalty for manslaughter was not less than one nor more than fifteen years, and that he expected to serve substantially more than the minimum term.

■■ The post-conviction court found that there was no credible evidence to support petitioner's statement that he entered the plea based on a misunderstanding that his minimum sentence would not exceed one year. We will uphold the trial court's findings unless they are clearly erroneous. *In re Angelucci*, 143 Vt. 187, 190, 463 A.2d 218, 220 (1983). Our review of the record discloses ample evidence to support the trial court's findings and reveals no error. Petitioner has failed to carry his burden of proving he entered his pleas reasonably relying on a material misunderstanding as to the minimum sentence.

## II.

■ Petitioner next argues that the record does not demonstrate that the trial court found that he understood the nature of the charges against him when he entered guilty pleas to the charges of manslaughter, assault and robbery, and kidnapping. If his allegation is true it constitutes a technical violation of V.R.Cr.P. 11(c)(1). In such cases the burden of proving the alleged error and prejudice resulting therefrom is on the petitioner. *In re Bentley*, 144 Vt. 404, 409, 477 A.2d 980, 982 (1984); *In re Hall*, 143 Vt. 590, 595, 469 A.2d 756, 758 (1983).

■ This Court has held that:

Rule 11 does not require . . . the plea hearing judge [to] read verbatim the enumerated rights under 11(c)(1)–(5). It is enough that the court engages in an open dialogue with the defendant involving . . . the Rule 11(c) elements to the end that the court is satisfied, and the record substantiates, that the defendant knows and understands the full array of legal consequences that attach to a guilty plea.

*In re Hall, supra,* at 594–95, 469 A.2d at 758 (citations omit-
ted).

The record does not support petitioner's claim. The plea-
hearing court read to him verbatim the indictment and in-
formations containing the charges, the judge invited petitioner
to interrupt if there was anything he did not understand, and,
in fact, paused frequently to inquire of petitioner if he under-
stood. In each instance petitioner responded in the affirmative,
with the further concession that he committed the acts as
charged and read to him. Moreover, the court's dialogue with
petitioner included the latter's rights under V.R.Cr.P. 11(c),
including the rights he waived by entering a guilty plea.

The charges were discussed with him in detail by his counsel
who appeared with him at the plea hearing. In the presence of
petitioner and his counsel, the state's attorney presented a
lengthy and detailed statement of the facts underlying each of
the charges; the statement was not challenged. Finally, in re-
sponse to a direct question by the judge, petitioner stated that
his guilty pleas were entered voluntarily, and were not the re-
sult of any coercion or promises.

 In light of the above, we hold that the record supports
the post-conviction court's conclusion that the plea-hearing
court had ample grounds to believe that petitioner's pleas were
entered knowingly and voluntarily. If there were any short-
comings, petitioner has not sustained his burden of showing
that he was prejudiced thereby. *In re Hall, supra,* at 595, 469
A.2d at 758.

### III.

Finally, petitioner argues that there was no factual basis
presented to support his guilty pleas to the charge of man-
slaughter and assault and robbery.

In *In re Dunham,* 144 Vt. 444, 450, 479 A.2d 144, 148
(1984), we addressed the requirement of *McCarthy* v. *United
States,* 394 U.S. 459, 466 (1969), that a defendant possess "an
understanding of the law in relation to the facts." *Id.* In *Dun-
ham,* the court accepted a guilty plea to second degree murder
without mentioning (1) the legal element of willfulness (or
intent) and (2) without ensuring that there was a factual
basis for that element on the record; accordingly we reversed.
Construing V.R.Cr.P. 11(f), we held that "the record must

affirmatively show sufficient facts to satisfy each element of an offense." *In re Dunham, supra,* at 451, 479 A.2d at 148.

The record reveals that the charges, as expressed in the indictment and informations, were read to the petitioner, and that he admitted committing the acts underlying each offense. More importantly, the record reveals a long and detailed recitation by the prosecutor, in the presence of the petitioner and his counsel, of the facts leading up to, and including, commission of the offenses charged. See *United States* v. *Dayton,* 604 F.2d 931, 943 (5th Cir. 1979), *cert. denied,* 445 U.S. 904 (1980). This provided ample compliance with V.R.Cr.P. 11(f) ; sufficient facts were shown to satisfy each element of the offenses. *In re Dunham, supra.*

The record supports the post-conviction court's conclusion that petitioner entered his pleas knowingly and voluntarily.

*Affirmed.*