## State of Vermont v. Louis Hamlin II

[531 A.2d 598]

No. 85-493

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), and Keyser, J. (Ret.), Specially Assigned

Opinion Filed July 2, 1987

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Herbert W. Olson*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Per Curiam.** This is an appeal from a decision of the district court denying defendant's motion for sentence reconsideration. We affirm.

Defendant's only argument on appeal is that, by basing its denial of defendant's motion on his failure to complete a sex offender treatment program, the court imposed an unconstitutional burden on the free exercise of his religious beliefs which, he claims, were the basis for his refusal to complete a portion of the program.

The record indicates, however, that this issue was not raised below. Defendant's free exercise claim is based on a single statement made by him at the reconsideration hearing that a particular aspect of the sex offender program was "against [his] religious beliefs." Defendant's attorney made no reference to defendant's religious objections to the program in summation to the court, and the court in turn made no findings with regard to any free exercise claim.

While we are sensitive to the need to keep our courts open to free exercise of religion claims, the judicial duty to consider such claims is contingent upon a showing by the claimant of the sincerity as well as the religious nature of the threatened belief. *Patrick* v. *LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984) (quoting *United States* v. *Seeger*, 380 U.S. 163, 185 (1965)). Where, as here, the defendant has not presented to the trial court any evidence of the sincerity of his religious beliefs or the manner in which the challenged practice violates the tenets of his religion, this Court will not consider his free exercise claim, albeit a more developed one, for the first time on appeal. *State* v. *Prue*, 138 Vt. 331, 331-32, 415 A.2d 234, 234 (1980); cf. *State* v. *Kasper*, 137 Vt. 184, 190-91, 404 A.2d 85, 89 (1979).

*Affirmed.*