## Linda PAQUETTE v. REGAL ART PRESS, INC.

[656 A.2d 209]

No. 94-151

December 30, 1994. Plaintiff appeals from an adverse judgment on the pleadings dismissing her anti-discrimination claim. We reverse and remand for further proceedings.

In 1990, plaintiff asked defendant, a printer, to print membership cards for Vermont Catholics for Free Choice. Defendant, through its owners, refused to print the membership cards. Plaintiff filed a complaint in superior court seeking a declaratory judgment that defendant's refusal to do business with plaintiff on the grounds of her creed violated 9 V.S.A. § 4502(a) (prohibiting discrimination in places of public accommodation). She also sought a preliminary and permanent injunction enjoining defendant from such refusal. Defendant answered, disavowing any discriminatory conduct. Defendant also raised numerous affirmative defenses, including defendant's rights to the free exercise of religion, freedom of association and free speech under the First Amendment of the United States Constitution.

Following discovery, defendant moved for summary judgment. The court denied the motion, concluding that defendant's motive remained a genuine issue of material fact. Defendant subsequently moved for judgment on the pleadings, pursuant to V.R.C.P. 12(c). The court denied the motion, then, sua sponte, the court reopened defendant's Rule 12(c) motion and requested further briefing by both parties. Concluding that enforcing 9 V.S.A. § 4502 would burden defendant's First Amendment right to free exercise of its

religion by forcing it to assist in disseminating a message contrary to its religious beliefs, the court reversed its earlier order, and granted defendant's motion for judgment on the pleadings. Plaintiff appeals.

A motion for judgment on the pleadings may be granted only when the moving party is entitled to judgment as a matter of law on the basis of the pleadings. *Thayer v. Herdt*, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990). "'For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.'" *Id.* (quoting *Bressler v. Keller*, 139 Vt. 401, 403, 429 A.2d 1306, 1307 (1981)). The court erroneously granted defendant's motion in favor of its affirmative defense, because there were no facts properly before the court, pled or admitted, that would support the court's conclusion as a matter of law.

In her complaint, plaintiff alleged that "defendant's refusal to do business [with] plaintiff violated defendant's obligations to provide accommodations to the public without regard to the creed of the customer," and sought relief on the basis that "defendant has wrongfully refused to do business with plaintiff on the grounds of plaintiff's creed, in violation of 9 V.S.A. § 4502(a)."

Plaintiff specifically alleged that:

> [d]efendant informed plaintiff that it did not agree with plaintiff's professed religious beliefs. Defendant further stated that no one who claimed to be a Catholic could hold the views espoused by the name "Vermont Catholics for Free Choice." Defendant claimed that such religious expressions clashed with the defendant's own religious training and beliefs.

The court misconstrued plaintiff's allegation in favor of defendant by concluding that printing plaintiff's material *would* violate defendant's religious training and beliefs. Although the court was required to accept as true that defendant made the statement, it was improper for the court to accept the substance of defendant's statement as true for purposes of evaluating defendant's affirmative defense. Moreover, even if defendant's assertion had been pled or admitted to by plaintiff, that statement would have been factually insufficient to support defendant's free exercise claim. See *State v. Hamlin*, 148 Vt. 232, 235, 531 A.2d 598, 599 (1987) (free exercise claim not reviewable where defendant alleged potential conflict with his religious beliefs, but has not presented any evidence of sincerity of religion or manner in which challenged practice violates tenets of his religion).

*Reversed and remanded.*

**Morse, J.,** dissenting. I would affirm for the reason expressed by plaintiff's counsel at oral argument — disagreement over the issue of abortion is not protected under the Act. Counsel stated:

> If Regal Art Press had said at the time, "We decline to print your order because we perceive the content of that order to be pro abortion, and we are morally or even religiously opposed to abortion, therefore we won't print your cards for you," we wouldn't be here today. Plaintiff would not have a complaint, and I want to make sure that's clear from the outset.

The parties here disagreed over the issue of abortion, not Catholicism. Defendant did not refuse to print plaintiff's membership cards because she was Catholic. Defendant's owners, too, were Catholic. One Catholic may disagree with another Catholic's political views and not

offend the Act. Defendant refused to print plaintiff's order because defendant believed Vermont Catholics for Free Choice was in the business of promoting abortion. Plaintiff made no allegation that Vermont Catholics for Free Choice is a religion, or that "free choice" is a religious creed. Rather, free (pro) choice is commonly defined as: political support of a woman's choice whether to abort or continue a pregnancy. Defendant was motivated in its conduct toward plaintiff because she was pro choice, pure and simple. Had plaintiff wanted membership cards printed on behalf of, say, "Republicans for Free Choice," would defendant have accommodated her?

The facts of this case show the folly that erupts when a political question is superficially intertwined with a religious label. I do not believe that the Legislature intended to extend the protection of 9 V.S.A. § 4502 to political agendas, even if those agendas are pursued by religious groups. Vermont Catholics for Free Choice is a political group taking political action. Consequently, it should garner no greater protection than any other politically motivated group.

I am authorized to state that Justice Peck joins in this disent.