997 A.2d 888

Aston Patrick AGUILERA

v.

STATE of Maryland.

No. 313, Sept. Term, 2008.

Court of Special Appeals of Maryland.

July 2, 2010.

428

Amanda M. Downs (Nancy S. Forster, Public Defender, on the brief), Baltimore, MD, for appellant.

Brenda Gruss (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: KRAUSER, C.J., GRAEFF and PAUL E. ALPERT (Retired, Specially Assigned), JJ.

GRAEFF, J.

On January 23, 2008, appellant, Aston Patrick Aguilera, was convicted of assault in the first degree after a bench trial in the Circuit Court for Cecil County. Appellant was sentenced to 15 years, all but 10 years suspended, with five years supervised probation.

On appeal, appellant presents one question for our review: Did the trial court err in finding that appellant waived his right to a jury trial?

For the reasons set forth below, we answer that question in the negative. Accordingly, we shall affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

Due to the nature of the issue presented in this case, only a brief recitation of the facts is necessary. The State presented testimony that, on July 29, 2007, the victim, Joseph Edwards, was at a party. Several uninvited people arrived, looking for a fight. The victim told them to take their fight elsewhere. Appellant struck the victim, causing him to stagger and fall to

the ground. Appellant and others then "started kicking and stomping" the victim's head.[1]

Prior to the start of trial, the following occurred:

[THE STATE]: We are scheduled today for a jury trial. It's my understanding that the defendant has opted for a bench trial. So I guess preliminarily we'd have to have him waive his right to a jury trial on the record.

THE COURT: ... All right. Sir, as the prosecutor indicated, you were scheduled today for a trial by jury. You are here because you have been indicted by the grand jury here in Cecil County. Because of the nature of the charges returned and the possible penalties you are entitled to a trial by jury.

Obviously, if we're proceeding as the prosecutor suggests, there will be no trial by jury, but you have to affirmatively waive your right to a trial by jury. Are you waiving your the [sic] right to have a trial by jury?

[APPELLANT]: Yes, your Honor.

THE COURT: Have you talked about this with your attorney?

[APPELLANT]: Yes, your Honor.

THE COURT: Has he explained to you thoroughly how the jury trial system works?

[APPELLANT]: Yes, your Honor.

THE COURT: Do you have any questions at all about that?

[APPELLANT]: No, your Honor.

THE COURT: And in a bench trial I will make any decision on your guilt or innocence; whereas, with a jury trial twelve people, plus alternates—well twelve people would retire to deliberate, and they would have to be satisfied beyond a reasonable doubt and to a moral certainty of your guilt. All twelve must agree. Do you understand that?

---

1.  At sentencing, the victim's parents advised the court that, as a result of the assault, their son "was kept in a drug induced coma for almost two months," he spent several months in a traumatic injury hospital program thereafter, and he had to relearn how to walk, talk and eat.

[APPELLANT]: Yes, your Honor.

THE COURT: That will not be happening with a bench trial. Do you understand that?

[APPELLANT]: Yes, your Honor.

THE COURT: I am satisfied that the defendant understands what he is doing in his election for a bench trial in this case, so a jury trial has been effectively waived.

## DISCUSSION

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a" jury trial. U.S. CONST. amend. VI. The Sixth Amendment right to a jury trial is applicable to the States through the Fourteenth Amendment. *Boulden v. State*, 414 Md. 284, 293, 995 A.2d 268 (2010).

A defendant may waive his or her right to a trial by jury and elect instead to be tried by the court. *Id.; Powell v. State*, 394 Md. 632, 638, 907 A.2d 242 (2006), *cert. denied*, 549 U.S. 1222, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007). In order for there to be a valid waiver of the right to a jury trial, however, the " 'trial judge must be satisfied that there has been an intentional relinquishment or abandonment of a known right or privilege.' " *Walker v. State*, 406 Md. 369, 378, 958 A.2d 915 (2008) (quoting *Owens v. State*, 399 Md. 388, 418–19 n. 41, 924 A.2d 1072 (2007)).

Maryland Rule 4–246 sets forth the procedure for a waiver of the right to a jury trial. Amendments to the Rule took effect January 1, 2008, approximately three weeks before the start of appellant's trial. The Rule provides, in pertinent part, as follows:

(a) **Generally.** In the circuit court, a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. The State does not have the right to elect a trial by jury.

(b) **Procedure for acceptance of waiver.** A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the

waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines **and announces on the record** that the waiver is made knowingly and voluntarily. (Emphasis added).[2]

Appellee contends that the trial court erred in finding that he waived his right to a jury trial, asserting two grounds of error. First, he argues that, although the amended Rule requires the trial court to "announce[ ] on the record that the waiver is made knowingly and voluntarily," the court here made "no explicit finding of voluntariness on the record." Second, appellant argues that, in order to make an explicit finding of voluntariness, "there must be at least *some* inquiry into voluntariness," which was not done here.

The State argues that the court complied with the requirements set forth in the amended Rule in finding that appellant waived his right to a jury trial. It contends that the amendment to the Rule did "not change long-settled case law holding that a court need not inquire explicitly into the voluntariness of the defendant's waiver unless there is a specific trigger for such an inquiry," which the State contends was not present here. The State argues that the amendment to Rule 4–246(b) "changed only one thing"; it requires that the "court announce on the record that the defendant's waiver of a jury trial is knowing and voluntary." It contends, however, that the Rule does not require the court to use the exact words " 'knowing' and 'voluntary,' " and that the court's "finding in

---

2. Prior to the amendment, Md. Rule 4–246(b) provided:

(b) **Procedure for acceptance of waiver.** A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

The amendment to the Rule added the requirement that the trial judge "announce[ ] on the record" his or her determination that the waiver is made knowingly and voluntarily.

this case constituted a sufficient 'announcement on the record' under amended Rule 4–246(b)."

■ In interpreting Rule 4–246(b), as with any rule of procedure, we apply "[t]he same fundamental principles of statutory construction." *Minh–Vu Hoang v. Hewitt Ave. Assocs., LLC,* 177 Md.App. 562, 588, 936 A.2d 915 (2007). *Accord Powell,* 394 Md. at 640, 907 A.2d 242; *State v. WBAL– TV,* 187 Md.App. 135, 150–51, 975 A.2d 909, *cert. denied,* 410 Md. 701, 980 A.2d 482 (2009); *Bijou v. Young–Battle,* 185 Md.App. 268, 286–87, 969 A.2d 1034 (2009). The "cardinal rule of statutory construction is to ascertain and effectuate legislative intent." *WBAL–TV,* 187 Md.App. at 151, 975 A.2d 909.

■ As this Court has explained, to ascertain the meaning of a rule:

First, we must examine the words of the rule, giving them ordinary and natural meaning. Where the language of the rule is clear and unambiguous, our analysis ends. However, the goal of such analysis is always to discern the legislative purpose.... To that end we must consider the context in which ... the rule appears, including related statutes or rules and relevant legislative history.

*Minh–Vu Hoang,* 177 Md.App. at 588, 936 A.2d 915 (citations and quotations omitted).

■ We attempt to give the Rule an interpretation that is reasonable, not one that is "illogical or incompatible with common sense," *New Jersey v. Strazzella,* 331 Md. 270, 275, 627 A.2d 1055 (1993), or that will " 'lead to absurd consequences.' " *WBAL–TV,* 187 Md.App. at 150, 975 A.2d 909 (quoting *Barbre v. Pope,* 402 Md. 157, 172, 935 A.2d 699 (2007)). We will examine appellant's contentions pursuant to these principles of construction.

## I.

### Requirement that the court "announce[ ] on the record" its finding of waiver

The plain language of amended Rule 4–246(b) requires the court to "announce[ ] on the record that the waiver is made

knowingly and voluntarily." Here, in finding that appellant waived his right to a jury trial, the court stated: "I am satisfied that the defendant understands what he is doing in his election for a bench trial in this case, so a jury trial has been effectively waived."

██  Appellant contends that the court's finding did not comply with the amended Rule because the court failed to make an "explicit finding of voluntariness" on the record. He argues that this error requires reversal of his convictions. We are not persuaded.

The Court of Appeals explained in *Walker*, 406 Md. at 377 n. 1, 958 A.2d 915, that the change in Rule 4–246, requiring the court to "announce[ ] on the record" that the waiver was knowing and voluntary, was in response to its decision in *Powell*, 394 Md. at 632, 907 A.2d 242.[3] In *Powell*, the Court of Appeals held that the plain language of former Rule 4–246(b) required an examination of the defendant on the record in open court, but it did not require the trial judge to "state explicitly on the record" its determination that the defendant knowingly and voluntarily waived his or her right to a jury trial. *Id.* at 641, 907 A.2d 242. Rather, an implicit determination that the waiver was knowing and voluntary was sufficient. *Id.* at 643, 907 A.2d 242.

A discussion of the waiver colloquy in *Powell*, and the consolidated case of *Zylanz v. State*, is necessary to put in perspective the context in which this Rule was adopted. The waiver findings in those cases were very different from the one that occurred here.

---

**3.** Minutes from a meeting of the Court of Appeals Standing Committee on Rules of Practice and Procedure (the "Rules Committee"), reflect that the addition of "[t]he phrase, 'announce on the record' " was made in response to *Powell v. State*, 394 Md. 632, 907 A.2d 242 (2006), *cert. denied*, 549 U.S. 1222, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007), and that the language used was "borrowed" from Rule 15–203(a). Minutes of Rules Committee, November 17, 2006. Similar amendments were proposed to Rule 4–215 (waiver of counsel) and Rule 4–242 (pleas). *Id.*

In *Powell,* after defense counsel explained the right to a jury trial and Powell stated that he understood the right and wanted a court trial, the court stated: "Very well. At this point, since this is a court trial, I'm going to ask for opening [statements] from the State and the defense." *Id.* at 645, 907 A.2d 242. In *Zylanz,* after the defendant indicated that he wanted to waive his right to a jury trial, the following occurred:

[THE COURT]: ... Sir, I'm dismissing the jury now. Do you understand it's just going to be you and me?

[ZYLANZ]: Yes, sir.

[THE COURT]: Okay. That's cozy. Let them go.... Thank you.

*Id.* at 643, 907 A.2d 242.

A majority of the Court of Appeals upheld the validity of the waiver findings in these cases, despite the absence of an explicit statement from the court that it found the waiver to be knowing and voluntary. *Id.* at 645–46, 907 A.2d 242. The Court held that the trial court's statements, along with the advisements to the defendant and the court's action in subsequently proceeding with a court trial, permitted the conclusion that the trial court implicitly determined that the elements of a knowing and voluntary jury trial waiver existed, and that such an implicit finding did not violate the Rule as it was drafted at that time. *Id.*

Judge Greene, joined by Chief Judge Bell, dissented from the decision that an implicit determination was sufficient. *Id.* at 652–53, 907 A.2d 242. Judge Greene stated:

[B]y allowing the determination to be implicit, the majority ensures that such a decision will always be affirmed on appeal through the circular reasoning that if a bench trial occurred, then the trial judge must have correctly arrived at his determination. A clear determination made on the record, on the other hand, would remove all reasonable doubt as to the trial judge's finding.

*Id.* at 652, 907 A.2d 242 (Greene, J. dissenting). Judge Greene noted that " '[s]ilent acquiescence to a waiver does not

assure us that the court thought about the decision.' " *Id.* at 653, 907 A.2d 242 (quoting *State v. Coita,* 153 Vt. 18, 568 A.2d 424, 426 (1989)).

It was in this context that the Rule was amended to require an explicit finding, *i.e.,* that the court must "announce[ ] on the record" its determination that the waiver was knowing and voluntary. The concern was that there should be a statement on the record to indicate that the judge actually considered, and decided, whether the waiver was made knowingly and voluntarily. As explained below, we believe that the trial court here satisfied this concern and complied with the requirement of the amended Rule.

To be sure, the trial court did not use the exact words set forth in the Rule. It did not state that the waiver was made knowingly and voluntarily. It did, however, make a "clear determination" to that effect, *see id.* at 652, 907 A.2d 242, stating that appellant "understands what he is doing" in his "election" to proceed with a bench trial.

Appellant appears to concede that use of the exact words set forth in the Rule is not necessary for compliance. The court did not use the word "knowingly" when discussing the waiver, but appellant does not argue that this finding did not comply with the amended Rule. The court's finding that appellant "understands what he is doing" clearly satisfied the requirement that the court make an explicit finding that the waiver was knowing.

Appellant's claim is limited to his contention that the court failed to make an explicit finding that the waiver was voluntary. That contention requires some discussion.

The Court of Appeals has made clear that a jury trial waiver is voluntary if the conduct constituting the waiver is the product of a free and deliberate choice, rather than based on duress or coercion. *See State v. Hall,* 321 Md. 178, 182, 582 A.2d 507 (1990); *Martinez v. State,* 309 Md. 124, 133, 522 A.2d 950 (1987). Where the waiver of a constitutional right is the result of an "intentional relinquishment," it is voluntary. *Hall,* 321 Md. at 180, 582 A.2d 507.

Here, the court made an explicit finding that appellant made an "election" for a court trial. The finding that appellant made an "election" was, in essence, a finding that the waiver was the product of a free choice, and therefore, it was voluntary. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 400 (11th ed. 2005) ("election" defined as "the right, power or privilege of making a choice").

The court's statement that "the defendant *understands* what he is doing in his *election* for a bench trial," along with its statement that the right to "a jury trial has been effectively waived," reflected the court's conclusion that appellant knew what he was doing in choosing a bench trial, and, with that understanding, he intentionally chose to waive his right to a jury trial. We hold that, although the court did not use the specific words " 'knowingly' and 'voluntarily,' " the judge satisfied Rule 4–246(b). The court's finding here was sufficient to "remove all reasonable doubt" that the court considered the issue and found an effective waiver. *Powell,* 394 Md. at 652, 907 A.2d 242.

We caution that it is the better practice for a trial court to use the words set forth in the Rule, stating specifically its finding that the "waiver is made knowingly and voluntarily." This will avoid claims on appeal, such as that made here, that the waiver of the right to a jury trial was defective. In this case, however, the trial court's finding satisfied the requirements of the Rule.

Moreover, even if the court did not comply with the Rule, we would find any error to be harmless. To be sure, the Court of Appeals previously stated that a violation of the predecessor to Rule 4–246 could "rarely be deemed harmless error." *Noble v. State,* 293 Md. 549, 558, 446 A.2d 844 (1982). More recently, however, in *Boulden,* 414 Md. at 307, 995 A.2d 268 the Court held that a violation of the procedure set forth in Rule 4–246, as opposed to the "actual denial of the unwaived right to trial by jury," is subject to harmless error review. In that case, the Court held that a jury trial waiver that occurred mid-trial, instead of prior to "commencement of trial," as set

forth in Rule 4–246(b), was harmless error. *Id.,* 414 Md. at 296, 995 A.2d 268.

Other jurisdictions similarly have applied a harmless error analysis when procedural requirements to waive a jury trial were not followed literally, but the record established that the substantive requirements of the rule were satisfied. *See People v. Tooles,* 177 Ill.2d 462, 227 Ill.Dec. 125, 687 N.E.2d 48, 49–50, 53 (1997) (where statute required that jury trial waiver be "in writing," court held "that the failure to procure defendants' written jury waivers does not necessitate reversal of their convictions because the record otherwise evidences that defendants' jury waivers were understandingly made"); *Loveless v. State,* 21 S.W.3d 582, 584 (Tex.App.2000) (where no written jury trial waiver was obtained as required by statute, error was harmless because "there was sufficient evidence of an oral waiver of a jury trial").

Here, any error by the trial court in failing to follow the dictates of Rule 4–246(b) was harmless. As indicated, although the court did not use the words "knowingly" and "voluntarily" in finding that appellant's right to a jury trial had been "effectively made," the on-the-record finding that the circuit court did make was clearly to that effect. Reversal of appellant's convictions is not warranted on this ground.

## II.

### Voluntariness Inquiry

Appellant next contends that, in order to make an explicit finding of voluntariness, as required by the amended Rule, "there must be at least *some* inquiry into voluntariness." He argues that "[a]bsolutely no question was posed that would allow the judge to find that [a]ppellant's waiver was made voluntarily."

The State contends that the amendment to Rule 4–246(b) did not change established case law, which held that, absent a trigger bringing into question the voluntariness of the waiver, a court is not required to explicitly inquire into the voluntari-

ness of a jury trial waiver. It argues that there was no such trigger here, and the trial court properly found that appellant waived his right to a jury trial.

Prior to the amendment of Rule 4–246(b), this Court and the Court of Appeals made clear that, when determining whether a defendant is knowingly and voluntarily waiving his or her right to a jury trial, the trial court is not required to engage in any fixed litany. *Powell,* 394 Md. at 645, 907 A.2d 242; *Kang v. State,* 393 Md. 97, 105–06, 899 A.2d 843 (2006); *Abeokuto v. State,* 391 Md. 289, 317–18, 893 A.2d 1018 (2006); *Martinez,* 309 Md. at 132 n. 7, 522 A.2d 950; *Christian v. State,* 172 Md.App. 212, 224–25, 914 A.2d 151 (2007). Although the inquiry must be sufficient to determine that the defendant has some knowledge of the right to a jury trial, and that the waiver is voluntary, as opposed to being the product of duress or coercion, *Abeokuto,* 391 Md. at 317–18, 893 A.2d 1018 (citing *Hall,* 321 Md. at 182–83, 582 A.2d 507), the Court of Appeals stated that there was "no uniform requirement explicitly to ask a defendant whether his or her waiver decision was induced or coerced, unless there appears some factual trigger on the record, which brings into legitimate question voluntariness." *Kang,* 393 Md. at 110, 899 A.2d 843.[4] "Whether the waiver is valid depends upon the facts and totality of the circumstances of each case." *Boulden,* 414 Md. at 296, 995 A.2d 268 (quoting *Abeokuto,* 391 Md. at 318, 893 A.2d 1018); *Powell,* 394 Md. at 645, 907 A.2d 242.

Prior to the adoption of the amended Rule, the Court of Appeals *encouraged* trial courts "to engage persons electing court trials in a dialogue as detailed as time, resources and circumstances permit so as to insulate jury trial waivers from successful direct or collateral attack." *Kang,* 393 Md. at 130 n. 5, 899 A.2d 843 (citing *Dortch v. State,* 290 Md. 229, 236, 428 A.2d 1220 (1981)). *Accord Hall,* 321 Md. at 184, 582 A.2d 507.

---

**4.** An example of such a factual trigger can be found in *Martinez v. State,* 309 Md. 124, 127–29, 134–35, 522 A.2d 950 (1987), where the defendant answered "yes" to a question regarding whether anyone had promised or threatened him with respect to waiving his right to a jury trial.

The Court made clear, however, that there was no *requirement* that the court inquire about voluntariness, absent a trigger. *Kang*, 393 Md. at 110, 899 A.2d 843.

Nothing in the plain language of Rule 4–246(b), as amended, changes that analysis. Rule 4–246(b) was not amended to require any particular form of inquiry, either about knowledge or voluntariness.

The history of the amended Rule supports the conclusion that the Rule was not intended to change the Court of Appeals' precedent. It appears that the initial impetus to change Rule 4–246 was the Court of Appeals' decision in *Kang*. Six days after the decision, Chief Judge Robert M. Bell wrote a letter to the Honorable Joseph F. Murphy, Jr., then Chair of the Rules Committee, stating as follows:

> Maryland Rule [4–246], as you know, does not require a minimum, or set, litany directed to the voluntariness of a defendant's waiver of jury trial. The Court, in several recently decided cases, has declined to require any such litany, despite its preference, expressed in several earlier cases, that trial judges make specific inquiry into voluntariness. In light of that preference, however, the Court requests that the [Rules Committee] review this issue, on an emergency basis, to determine the feasibility of codifying *the preference*, while retaining the flexibility of "no specific litany," and make a recommendation as to the Court in that regard.

Letter from Hon. Robert M. Bell to Hon. Joseph F. Murphy, Jr. (June 8, 2006) (emphasis added).

At its first meeting following this letter, the Rules Committee did not propose an amendment to the text of Rule 4–246. *See* Minutes of Rules Committee, June 23, 2006. Rather, a new committee note was proposed, referring to questions for courts to ask to address the "knowing" prong of the waiver inquiry, as set forth in section 1–1105 of the Maryland Trial Judges' Benchbook. *Id.* The Rules Committee subsequently modified the proposed committee note to address the "voluntariness" prong of the waiver inquiry. *See* Minutes of Rules

Committee, September 8, 2006. The minutes reflect the following:

> The Vice Chair pointed out that the concept of the [Committee] note[ ] is that the court should seek to ensure that the waiver is knowing and voluntary, but it is not mandatory that the court ask the questions. The Chair stated that . . . the [Committee note] language will provide that the defendant should be asked questions, and then the questions will be listed. This will indicate the court is not obligated to ask the questions.

*Id.*

At the November 17, 2006, meeting of the Rules Committee, in response to the Court of Appeals' September 15, 2006, *Powell* decision, the Committee proposed the amendment to the text of subsection (b), adding the "announce[ ] on the record" language, as it now appears. *See* Minutes of Rules Committee, November 17, 2006. The minutes reflect that the proposed Committee note listed "questions that **may** be useful in determining that a jury trial waiver is made both voluntarily and knowingly." *Id.* (emphasis added).

The proposed change to subsection (b) of the Rule, as well as the Committee note, was adopted by the Court of Appeals, without change, by Order dated December 4, 2007. *See* Rule 4–246. The Committee note states, in pertinent part:

> Committee note.—Although the law does not require the court to use a specific form of inquiry in determining whether a defendant's waiver of a jury trial is knowing and voluntary, the record must demonstrate an intentional relinquishment of a known right. What questions must be asked will depend upon the facts and circumstances of the particular case.
>
> \* \* \*
>
> In determining whether a waiver is voluntary, the court should consider the defendant's responses to questions such as: (1) Are you making this decision of your own free will?; (2) Has anyone offered or promised you anything in exchange for giving up your right to a jury trial?; (3) Has

anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?

Cross–References.—See *Kang v. State,* 393 Md. 97 [899 A.2d 843] (2006) and *Abeokuto v. State,* 391 Md. 289 [893 A.2d 1018] (2006).

Committee Note to Md. Rule 4–246.

The history of the amendment of Rule 4–246(b) shows that it changed the law set forth in *Powell* that an implicit finding of waiver was permissible. By adding the "announce[ ] on the record" language, it clearly requires an explicit finding of waiver. The amendment did not, however, negate the prior holding of the Court of Appeals that an explicit inquiry regarding the voluntariness of the waiver is not required, absent a factual trigger. Rather, the Committee note reflects Chief Judge Bell's request to codify a *"preference,"* not a mandate, that the waiver colloquy include questions as to the voluntariness prong, as well as the knowledge prong. *Bijou,* 185 Md.App. at 288, 969 A.2d 1034 (although Committee notes are not part of the Rules, "[n]evertheless, we read the Rules in light of the Committee notes"). *Accord Arrington v. Dep't of Human Res.,* 402 Md. 79, 101, 935 A.2d 432 (2007) (same).

■ Appellant argues, however, that the requirement of the amended Rule, that the court make an explicit *finding* regarding voluntariness, compels an explicit *inquiry* into voluntariness. We disagree.

■ As explained, there is nothing in the plain language of the Rule, or its history, that reflects an intent to change precedent providing that the court is not required to ask questions regarding voluntariness, absent a factual trigger bringing into question the voluntariness of the waiver. Rather, in the absence of a trigger, the court is permitted to make its voluntariness determination based on the defendant's demeanor, without asking any specific questions about voluntariness. *See Abeokuto,* 391 Md. at 321, 893 A.2d 1018 (questions directed to voluntariness not required where court observed behavior of appellant and defense counsel, who advised appel-

lant to waive his right to a jury trial during waiver colloquy); *Hall,* 321 Md. at 183–84, 582 A.2d 507 ("defendant's demeanor, tone, facial expressions, gestures, or other indicia" may be indicative of a knowing and voluntary jury trial waiver).

There is no suggestion here that the trial court did not have ample opportunity to observe appellant's demeanor. Appellant was questioned about his waiver of the right to a jury trial, and he answered "yes" or "no," as appropriate. Rather, appellant's claim is that the lack of specific questions regarding the voluntariness of the waiver automatically requires reversal of his convictions. As indicated, we reject that argument.

Appellant next argues that, if a trigger is necessary to mandate a specific inquiry into voluntariness, such a trigger existed here. In support, appellant states: "The announcement that Appellant wanted to waive his constitutional right to a jury trial was made by the State's Attorney, it was the first trial date, Appellant had minimal experience with the criminal justice system[ ], and defense counsel did not speak at all." [5]

We agree with the State that these circumstances were not sufficient triggers to bring into "legitimate question" the voluntariness of appellant's waiver and require the trial judge to inquire further as to voluntariness. *See Kang,* 393 Md. at 110, 899 A.2d 843. It is true, as appellant notes, that the Court of Appeals has considered a defendant's familiarity with the criminal justice system as a factor relevant to the issue whether the defendant's jury waiver was knowing. *See Walker,* 406 Md. at 382–83, 958 A.2d 915 (prior contacts with criminal justice system are facts demonstrating "some knowledge" of right to jury trial). Appellant cites no case, however, holding that familiarity with the criminal justice system, or a lack thereof, is relevant to the voluntariness of a defendant's jury trial waiver in a specific case. We are not persuaded that

---

**5.** At sentencing, the State proffered that this was appellant's first adult conviction.

a lack of experience with the criminal court triggers a need for a specific inquiry regarding the voluntariness of the waiver.

Similarly, there is no merit to the argument that the Assistant State's Attorney's role in informing the court that appellant wanted to waive his right to a jury trial, and defense counsel's silence during the jury waiver colloquy, constitutes a trigger requiring a voluntariness inquiry. Appellant does not explain how these facts call into question the voluntariness of appellant's waiver. We do not view these circumstances as a trigger requiring the court to ask specific questions regarding voluntariness.

Appellant's attempt to compare this case with *Tibbs v. State*, 323 Md. 28, 30–32, 590 A.2d 550 (1991), is unavailing. Although that case involved a waiver inquiry with no explicit inquiry about voluntariness, the problem in that case was that the court made no inquiry about the defendant's knowledge about jury trials. *Id.* at 31, 590 A.2d 550. As the Court of Appeals explained:

> *The record fails to disclose that Tibbs received any information at all concerning the nature of a jury trial,* as required by our cases. It is not sufficient that an accused merely respond affirmatively to a naked inquiry, either from his lawyer or the court, *that he understood that he has a right to a jury trial, that he knows "what a jury trial is,"* and waives that right "freely and voluntarily." Accordingly, notwithstanding that Tibbs may have had some prior unspecified experience with the criminal justice system, *the trial judge could not fairly be satisfied on this record that Tibbs had the requisite knowledge of the nature of the jury trial right, that his waiver of the right was knowing and voluntary,* and that the requirements of the rule were thus met.

*Id.* at 31–32, 590 A.2d 550 (citations omitted) (emphasis added). Without knowledge of his right to a jury trial, the waiver could not be found to be voluntary. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ("A

waiver is ordinarily an intentional relinquishment or abandonment of a *known* right or privilege.") (emphasis added).

The waiver inquiry in this case is not similar to that conducted in *Tibbs*. Here, the court properly addressed appellant's knowledge of his right to a jury trial. After determining that appellant understood the nature of a jury trial, and observing nothing in the totality of the circumstances suggesting that appellant's desire to waive his right to a jury trial was not voluntary, the trial court was not required to ask further questions before finding that there was an effective waiver.

Again, we reiterate that the better practice is for trial judges to ask specific questions about the voluntariness of the waiver. The Committee note to amended Rule 4–246 makes clear the preference that such questions be asked, listing examples of potential questions to address the matter.[6] Asking such questions will erase doubt about the validity of the waiver and avoid the risk of reversal of convictions on appeal. The questions are not required, however, and the failure to ask them here does not require reversal of appellant's conviction.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

6. As indicated, these questions are as follows:

(1) Are you making this decision of your own free will?; (2) Has anyone offered or promised you anything in exchange for giving up your right to a jury trial?; (3) Has anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?

Committee Note to Md. Rule 4–246.