883 A.2d 257

**Tavony Wayne ZYLANZ**

v.

**STATE of Maryland.**

**No. 1111, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

Sept. 16, 2005.

---

William E. Nolan (Nancy S. Forster, Public Defender, on brief), for appellant.

Celia Anderson Davis (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel BARBERA, SHARER and THEODORE G. BLOOM (Retired, Specially Assigned) JJ.

SHARER, J.

The sole issue in this appeal is whether appellant, Tavony Wayne Zylanz, knowingly and voluntarily waived his right to trial by jury in the Circuit Court for Baltimore County.[1] He posits that his jury trial waiver was "constitutionally flawed because the record does not demonstrate that it was knowing-

---

1. Appellant was convicted of fourth degree burglary, felony theft, resisting arrest, and lesser included offenses. He was sentenced to a total of six years and 11 months incarceration, and a term of probation.

ly and voluntarily made and because the trial court failed to make any findings on the record that the waiver was constitutionally effective." We shall hold that the waiver was knowingly and voluntarily made, and affirm.

Substantive and procedural law regarding a defendant's waiver of trial by jury is effectively summarized in Md. Rule 4–246(b):

(b) **Procedure for acceptance of waiver.** A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

In *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court stated that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." For the waiver of a constitutional right to be valid, it must be "an intentional relinquishment or abandonment of a known right. . . ." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In Maryland, the Court of Appeals has said that "[f]or a waiver to be valid, the court must be satisfied that the defendant's election was made knowledgeably and voluntarily." *Martinez v. State*, 309 Md. 124, 133, 522 A.2d 950 (1987).

At bottom, the court must "satisfy itself that the waiver is not a product of duress or coercion and further that the defendant has some knowledge of the jury trial right before being allowed to waive it." *State v. Hall*, 321 Md. 178, 182–83, 582 A.2d 507 (1990). Nonetheless, "the questioner need not recite any fixed litany or incantation in order to determine if the right has been properly abandoned." *Dedo v. State*, 105 Md.App. 438, 450, 660 A.2d 959 (1995). Finally, "whether there has been an intelligent waiver of [the right to]

a jury trial is to be decided by the facts and circumstances of each case." *Id. See Tibbs v. State,* 323 Md. 28, 590 A.2d 550 (1991); *State v. Hall,* 321 Md. 178, 582 A.2d 507 (1990); *Martinez v. State, supra; Kang v. State,* 163 Md.App. 22, 877 A.2d 173 (2005).

To put the facts and circumstances of this case in perspective, we set out, in considerable detail, the proceedings of June 21, 2004, when appellant, having previously requested a trial by jury, appeared for trial before the circuit court.

 After consideration of appellant's motion for a postponement (which was denied by the court), the following ensued:

[DEFENSE COUNSEL]: Mr. Zylanz, you have certain options in the way you can proceed today. One, you can accept the State's offer and proceed by way of a not guilty agreed statement of facts to two counts, two of the eight counts. The offer is fourth degree burglary, and that carries a maximum sentence of three years. Do you understand that?

[ZYLANZ]: Uh-huh.[2]

[DEFENSE COUNSEL]: The second count that they want you to plead to is felony theft. That carries a maximum of [a] potential sentence of 15 years imprisonment and/or a fine of $25,000. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: So if you pled to both of those, the maximum potential sentence could potentially be up to 18 years in jail and/or up to a $25,000 fine. Do you understand that.

[ZYLANZ]: Uh-huh.

---

**2.** We assume that appellant's "un-huh" responses were indicating the affirmative. In such voir dire situations, a trial court would be advised to instruct a defendant to respond to the question "do you understand that?" by saying either "yes" or "no."

[DEFENSE COUNSEL]: Upon a finding of guilt, the State will enter a nol pros. That means dismiss the other six counts. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: You have two other options. You can proceed by what is known as a bench trial. If you proceed by way of a trial, either a bench trial or a jury trial—that's your third option—the state would go on all eight charges. Do you understand?

[ZYLANZ]: Unh-huh. [sic]

[DEFENSE COUNSEL]: Okay. A bench trial is in front of [the judge]. [The judge] would be the trier of fact. The State would call witnesses and have the burden to prove each element of each charge or each of the eight counts beyond a reasonable doubt. And [the judge] would hear the evidence. You would have the right to call witnesses on you [sic] own behalf and to testify on your behalf and have an opportunity to cross-examine witnesses that the state calls.

You would have the opportunity to testify or remain silent. If you remained silent, [the judge] would not make any adverse inference of your right that you elected to remain silent at trial. But [the judge] would listen to all of the evidence and he would make the decision alone as to your guilt or innocence as to each of the eight counts. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: Third option is a jury trial. A jury trial is when 12 jurors, they would sit in the jurybox [sic] up there.

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: They're selected from the motor/voter roles [sic] of Baltimore County. You and I would participate in that jury selection process. They would bring in 30 people. The jurors, they would sit back here and we would go through a process called "voir dire."

[ZYLANZ]: What's that?

[DEFENSE COUNSEL]: We ask them questions, the Judge would ask them questions, and we'd be able to select which jurors hear this case, okay?

[ZYLANZ]: (Defendant nodding head.)

[DEFENSE COUNSEL]: And they would be triers of fact. They determine, each of them, whether or not you were guilty or innocent beyond a reasonable doubt—guilty beyond a reasonable doubt. Each of them would have to be unanimous in their verdict in finding you guilty of each offense beyond a reasonable doubt, or one, or any of the offenses. They could find you guilty of the first one and not guilty of the eight—of the remaining seven or find you guilty of all of them. But they all have to be unanimous. If it's not unanimous, it what's called a "hung" jury and you could be retried, or they could come back and say you're not guilty and that would be the end of the case. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: The remaining offenses that you're charged with are malicious destruction less than [$]500. That carries a maximum potential sentence of 60 days in jail and a $500 fine. Do you understand that?

The unlawful taking of a motor vehicle, five years in jail and/or a $5,000 fine. Unlawful use of a motor vehicle which carries a minimum of six months imprisonment and up to four years in jail.

[STATE]: That's actually not a—

[DEFENSE COUNSEL]: Up to four years in jail and 50 to $100 fine.

Court's indulgence.

[DEFENSE COUNSEL]: Malicious destruction less than 500, against [sic] you have second count of that. It's the same penalty, 60 days in jail and/or a $500 fine. And a resisting offense, which is a common law offense, you can be sentenced up to anything that's not considered cruel or unusual punishment. And the possession of burglary tools, that has a maximum of three years.

The judge can sentence you to all the time or no time. He can make it run concurrent or consecutive. Concurrent means they run together and consecutive means that they would run one on top of the other. He can essentially give you 15 years potentially, I don't think he will, and then add four years on that for the burglary, and then 40 days for the malicious destruction, and on and on and on. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: Do you understand your options as I've explained them to you today?

[ZYLANZ]: Yes

After further discussion with defense counsel, Zylanz advised the court that he wanted a jury trial. The court called for a jury, during which time both counsel left the courtroom, then returned. Upon their return, the court advised Zylanz as follows:

All right. Mr. Zylanz, we're back on the record now. You've elected a jury trial. The jury panel is on their way up. That means the State's offer or plea bargain is withdrawn. Everything else is on the table. We're entering a plea of not guilty as to each and every charge, all the counts.

Moments later, defense counsel advised the court that Zylanz had changed his mind, and "would like a bench trial now with no jury, just in front of you." The discussion continued, as follows:

[THE COURT]: You better talk real nice to [the prosecutor]. You already made the election. I don't know [if] the offer still stands.

[STATE]: I don't think he wants the offer, he wants a trial.

[DEFENSE COUNSEL]: He wants a trial in front of you.

[THE COURT]: Okay. And on all 12 counts. Make sure he understands that.

[DEFENSE COUNSEL]: I'll do it on the record, Your Honor. Do you understand that what you're asking is that

[the judge] is [sic] going to be a trier of fact. And if he does that, he's going to go on all eight counts, okay? So he could find you guilty of all eight counts. And I just want to make sure that you understand it's not the same as accepting the plea agreement, which I'd have to ask [the prosecutor] if it was still on the table, because you already elected a trial. We have to put it back on the table and go on two counts.

No witnesses would testify if you accepted the plea agreement. You won't be saying anything. You'll be found guilty or innocent, most likely guilty, then you have a right to allocution, to tell the Court anything that you wanted to with respect to sentencing. As far as innocense [sic] or guilt, if you do a plea agreement, you won't be able to testify. If you want a trial, you can have a trial in front of [the judge] with no jurors.

[ZYLANZ]: I mean, how—let me understand this. The plea agreement, I can't say anything.

[DEFENSE COUNSEL]: You can say—you have a right to address the Court with respect to sentencing, whether the Judge puts you in jail, gives you probation, how long he puts you in jail for, do you understand?

[ZYLANZ]: (Defendant nodding head.)

[DEFENSE COUNSEL]: That's sentencing. But at that point, you're already going to be found guilty. Do you understand that? Do you understand that? [sic] If you proceed by way of a not guilty agreed statement of facts, you're already going to be found guilty before you have a chance to say anything to the Judge. Do you understand that?

[ZYLANZ]: So, like, do that, my witness is not going to testify.

[DEFENSE COUNSEL]: If you take the State's offer, which we have to see if it's still on the table, for Counts 1 and 4, nobody would testify. [The prosecutor] would read into the record the statement of facts, and then you'd be found guilty of those two counts. Witnesses won't testify, you would not testify, the State's witnesses would not

testify. Nobody would say anything. You'd been found guilty, and then you get a chance to say something. Not as to innocense [sic] or guilt, but as to how long your sentence should be, whether you should go to prison and how long you should go to prison for.

[ZYLANZ]: So I don't say anything means—excuse my stuttering. So she reads the statement.

[DEFENSE COUNSEL]: Yeah.

[ZYLANZ]: That's it?

[DEFENSE COUNSEL]: If you proceed by way of a not guilty agree[d] statement of facts. If you want a bench trial, you have a trial before [the judge], the State will call witnesses and they'll sit in that chair right there and they'll testify. You'll have—we'll have a chance to cross-examine the witnesses, to ask them questions.

[THE COURT]: Dave, hold the jurors for a minute.

[DEFENSE COUNSEL]: When their case is over, you'll have a chance to testify if you want to. You don't have to. Or you can remain silent. If you did remain silent, [the judge] would not make any adverse inference because you elected to remain silent. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: And your witness would then have a chance to testify. That's only if you have a trial.

[ZYLANZ]: Explain that to me again.

[DEFENSE COUNSEL]: You have three options today.

[ZYLANZ]: Yes.

[DEFENSE COUNSEL]: You already elected one, so we're going to have to ask permission to change that. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: First option is not guilty agreed statement of facts. Do you understand that?

[ZYLANZ]: That's the offer.

[DEFENSE COUNSEL]: She just reads the statement into the record. You'll be found guilty of Count 1, fourth

degree burglary, and felony theft. She'll dismiss the other six counts. You won't have the chance to say something. Neither will any witness. You'll be found guilty. Then you can be sentenced [sic] up to 18 years in jail. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: You'll have a chance to say something to the Judge with respect to whether or not you should go to jail and how long you should go to jail. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: That's it. Do you understand that option?

[ZYLANZ]: Yes.

[DEFENSE COUNSEL]: Okay. Your other option is you can have a bench trial. That's when we have a trial, but it's before [the judge]. Do you understand that?

[ZYLANZ]: Yes.

[DEFENSE COUNSEL]: Okay. Your third option is what you've already selected, a jury trial. That's when 12 jurors sit there and you have a trial before them and they decide whether you're innocent or guilty. Do you understand that?

[ZYLANZ]: Uh-huh.

[DEFENSE COUNSEL]: Do you still want a jury trial or bench trial in front of [the judge]?

[ZYLANZ]: Bench trial in front of [the judge].

[DEFENSE COUNSEL]: You do not want a jury?

[ZYLANZ]: (Defendant shaking head.)[3]

[DEFENSE COUNSEL]: You will not be able to change your mind if they dismiss the jurors. Your [sic] stuck and this trial will be over today. Do you understand that?

---

**3.** Since appellant was tried by the court, we assume that the shaking of his head was in the affirmative, indicating that he did not wish a trial by jury.

[ZYLANZ]: Uh-huh.

\* \* \*

[THE COURT]: Are we talking about eight counts or twelve counts? The docket entry shows twelve.

[THE STATE]: I show eight as well.

[THE CLERK]: There's going to be eight charges.

[DEFENSE COUNSEL]: I didn't have it, Your Honor.

[THE COURT]: I got driving without a license, taking the vehicle without consent of the owner, driving a vehicle without the owner's consent with the intent to deprive the owner of the vehicle, willfully damaging or tampering with the vehicle without the owner's consent—

[THE STATE]: Your Honor, I'll not go forward on the traffic charges. We'll go forward only on the eight criminal charges.

[THE COURT]: All right. You're going to nol pros all the traffic charges? That's Count 9 through 12—

[THE STATE]: That's correct.

[THE COURT]:—correct? All right. We'll enter a not guilty pleas on Counts 1 through 8. Sir, I'm dismissing the jury now. Do you understand it's just going to be you and me?

[ZYLANZ]: Yes, sir.

[THE COURT]: Okay. That's cozy. Let them go, Dave. Thank you. First witness, Ms. Raines.

■ We hold that, based upon that colloquy, appellant knowingly and voluntarily waived his right to a trial by jury. While we would be presented with a more decisive record had the court said "I find that the defendant has voluntarily and knowingly waived his right to trial by jury," or words to that effect, it was not necessary for him to do so. As we have pointed out, no precise litany or incantation is required in the explanation of a defendant's rights. Nor does the rule require the court to make a specific finding by the use of certain words or phrases.[4]

---

**4.** Although neither the Rules nor the case law prescribe any particular litany or mantra, an excellent model spoken form of jury trial waiver is

■ We have observed that waivers are case-specific. On the facts in the extant record, we find it to be clear that appellant understood his options. His trial counsel, in reviewing with appellant the plea bargain offered by the State, explained to him in exquisite detail his rights to trial, including the ramifications of trial by jury and the consequences of a waiver of that right. Appellant then opted for trial by jury.

Shortly thereafter, however, he changed his mind, choosing to reject the State's plea offer and proceed to trial before the court. When asked finally if he wished a bench trial or a jury trial, appellant chose a "bench trial in front of [the judge]."

It is true that the record of the colloquy is somewhat convoluted, brought about by the options available to appellant at trial, including bench trial, jury trial, plea agreement, or a not guilty-agreed statement of facts procedure. Those complexities, when coupled with an indecisive defendant, sometimes result in a less than pristine record of the waiver inquiry. Nonetheless, we are satisfied that, on the record as a whole, appellant understood his options as explained by his counsel and the court, and that he made a knowing and voluntary choice to waive his right to trial by jury. And, while the court's acceptance of the waiver was implicit, it is nonetheless apparent.

In reaching that conclusion, we are comforted by the words of the Court of Appeals in *State v. Hall, supra,* 321 Md. at 178, 582 A.2d 507. Hall was advised by the trial court:

> Mr. Hall, you have the right to a trial by a jury where twelve people would hear the evidence. After they hear the evidence, they would all have to agree upon their verdict. They would all have to be convinced beyond a reasonable doubt that you are guilty before a jury would find you guilty. Do you want to be tried by a jury or do you want to

---

set out in the trial judges' benchbook. MARYLAND TRIAL JUDGES' BENCHBOOK, Sec. CR 1–1105, MICPEL, 1999 Ed. If, after those questions are asked, the trial judge is satisfied that the waiver is knowing and voluntary, he or she ought to state so on the record. Doing so would put the waiver beyond challenge in most cases.

waive your right to a jury trial and be tried by the Court, in which event I will have the evidence and have to be convinced beyond a reasonable doubt before I would find you guilty. Do you want a jury trial or do you want to waive your right to a jury trial and be tried by the Court?

THE DEFENDANT: Tried by the Court.

On appeal, this Court found that that advice was "insufficient to demonstrate that Hall acted voluntarily, or that he understood the right he was waiving." On *certiorari,* the Court of Appeals reversed, stating:

Considering the totality of the circumstances ... we think that the trial court could fairly find that Hall intentionally relinquished his right to a jury trial by his voluntary act in waiving that right. While the court did not specifically ask Hall whether he understood what he had been told, or whether his election of a court trial was the result of any physical or mental duress or coercion, we think that the record before us demonstrates that the court could fairly be satisfied that Hall had the requisite knowledge of the jury trial right, that the waiver was voluntary, and that the requirements of the rule were satisfied.

We find that the advice given appellant was substantially more explicit than that approved by the Court of Appeals in *Hall.* As we consider the totality of the circumstances, we shall affirm.

**JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED; COSTS ASSESSED TO APPELLANT.**